CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 16, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| 1ST SOURCE BANK, | ) |
| Plaintiff, | ) )  ) |
| v. | ) Civil Action No. 7:24-cv-00118 |
| BLUESTONE RESOURCES, INC., | ) By: Elizabeth K. Dillon<br>) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a debt collection case in which plaintiff 1st Source ("1st Source") asserts breach-of-contract and detinue claims against defendant Bluestone Resources, Inc. ("Bluestone"). (Compl., Dkt. No. 1.) The same day it filed its original complaint on February 14, 2024, 1st Source filed an amended complaint that included an attached exhibit. (Am. Compl., Dkt. No. 2.) 1st Source served Bluestone by summons on March 4, 2024. (Dkt. No. 6.) Bluestone has not answered 1st Source's complaint or otherwise participated in this case. Accordingly, upon 1st Source's motion (Dkt. No. 7), the clerk entered default against Bluestone on May 8, 2024. (Dkt. No. 8.)

1st Source has now moved for default judgment (Mot. Default J., Dkt. No. 9) and filed an amended prayer for relief in support of its motion for default judgment.[1] (Am. Mot. Default J., Dkt. No. 10.) For the reasons set forth herein, the court will deny without prejudice 1st Source's

---

[1] In a separate case, *Caroleng Invs. Ltd. v. Bluestone Resources, Inc.*, Case No. 7:23-cv-10010 (W.D. Va.), another judge of this court entered an "Initial Sale Order" for the sale and marketing of a helicopter owned by Bluestone to help satisfy a judgment against it. *Id.*, ECF No. 34. This order was entered with the consent of 1st Source, which held the recorded lien on the aircraft. The "Final Sale Order" was approved by the court on May 30, 2024, and proceeds from the sale, held in escrow, were ordered to be released to Creditor Caroleng Investment Limited and 1st Source, pursuant to the escrow agreement. *Id.*, ECF No. 37. 1st Source's amended prayer for relief in support of its motion for default judgment factors in the proceeds from the sale of the helicopter, which took place after its initial motion for default judgment was filed.

motion for default judgment as to both counts—breach of contract and detinue. Within 14 days of the date of this order, 1st Source may submit a renewed motion for default judgment with additional information and supporting evidence to cure the deficiencies, noted herein, of its detinue claim and to outline, with sufficient detail, the damages sustained by 1st Source resulting from the loan default by Bluestone and the reasonable calculation of attorneys' fees.

## I. BACKGROUND[2]

Bluestone is a corporation organized and existing under the laws of Delaware, with its last known place of business located at 302 South Jefferson Street, Roanoke, Virginia. (Am. Compl. ¶ 3.) 1st Source is an Indiana state-chartered bank that maintains its principal place of business in South Bend, Indiana. (*Id.* ¶ 2.)

On March 29, 2018, Bluestone as the borrower entered into a Loan and Security Agreement (the "Loan and Security Agreement") with 1st Source in the original principal amount of $1,550,000.00. (*Id.* ¶ 7.) The Loan and Security Agreement contains a variety of remedies available to 1st Source upon Bluestone's default, including the right to "declare all or any part of the remaining unpaid indebtedness of [Bluestone] to [1st Source] to be immediately due and payable, together with all unpaid interest and any other accrued and unpaid monetary obligations of [Bluestone]." (*Id.* ¶ 8.) To secure the repayment of the original loan, Bluestone granted 1st Source a lien on certain personal property assets identified on Exhibit A attached to the amended complaint. (*Id.* ¶ 9.)

---

[2] The clerk entered default against Bluestone on May 8, 2024. Upon default, the plaintiff's factual allegations are accepted as true for all purposes except determining damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Accordingly, facts alleged in 1st Source's amended complaint are accepted as true for the purpose of the motion for default judgment. However, the court need not accept as true conclusions of law, *id.*, or allegations relating to the amount of damages, Fed. R. Civ. P. 8(b)(6).

Thereafter, the parties entered into a number of additional or supplemental related agreements.  First, on October 9, 2018, Bluestone executed and delivered to 1st Source a document titled a "Cross-Collateral Agreement" that granted 1st Source "a continuing interest in all of the property subject to a security interest under any of the Agreements securing any portion of the Indebtedness."  (*Id.* ¶ 10.)  Thereafter, pursuant to the Loan and Security Agreement, between March 2018 and May 2019, 1st Source made several additional loans and/or advances to Bluestone to finance the acquisition of equipment.  (*Id.* ¶ 11.)

On March 30, 2020, the parties entered into a Loan Modification Agreement (the "Loan Modification Agreement"), that provided Bluestone with an extension to repay the original loan and the additional loans/advances in exchange for security interests in additional collateral.  (*Id.* ¶ 12.)  After Bluestone failed to make payments under the Loan Modification Agreement, the two parties entered into a Loan Obligation Restructure Agreement (the "Restructuring Agreement"), effective July 1, 2021, which provided for the restructuring of payment terms and the sale of certain equipment with proceeds applied to the outstanding loan balance, among other provisions.  (*Id.* ¶ 13.)  Bluestone breached its payment obligations under the Restructuring Agreement.  (*Id.* ¶ 15.)  On September 28, 2021, 1st Source sent its first Demand and Acceleration Notice (the "Demand Notice") to Bluestone.  (*Id.* ¶ 16.)  Over the next 15 months, the parties entered into various loan restructure/modification agreements, with Bluestone breaching each one.  (*Id.* ¶¶ 18–25.)  Four additional Demand and Acceleration Notices were sent by 1st Source to Bluestone during this time.  (*Id.*)

On December 30, 2022, 1st Source and Bluestone entered into a Forbearance Agreement ("2022 Forbearance Agreement"), wherein 1st Source agreed to not enforce the defaults under

the Loan Documents[3] in exchange for Bluestone agreeing to (a) make specific payments on the loans, (b) list certain equipment for sale with proceeds going towards the loans, and (c) provide certain financial reporting to 1st Source. (*Id.* ¶ 26.) Thereafter, in August 2023, Bluestone defaulted once again. (*Id.* ¶ 27.) 1st Source delivered the sixth Demand and Acceleration Notice to Bluestone on February 1, 2024, which advised Bluestone that it was in default under the Loan Documents and demanded payment in full in the amount of $4,628,884.46. (*Id.* ¶ 28.) In addition, among other things, it demanded that Bluestone assemble the collateral listed under the Loan Documents and deliver it to 1st Source immediately. (*Id.*)

1st Source alleges two causes of action: Count I, breach of contract, and Count II, detinue. On Count I, 1st Source requests judgment in an amount equal to the aggregate balance owed by Bluestone under the Loan Documents, including attorney fees and expenses incurred by 1st Source in its enforcement of the Loan Documents. (*Id.* at 11.) On Count II, 1st Source requests possession of the collateral pursuant to Virginia Code Ann. §§ 8.01-114 *et seq.* (*Id.*) Lastly, 1st Source requests any further relief this court deems just and proper. (*Id.*)

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter

---

[3] Hereafter, "Loan Documents" collectively refers to the original Loan and Security Agreement and all related subsequent restructuring agreements, modifications, extensions, and amendments entered into between 1st Source and Bluestone.

judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." *Hummel v. Hall*, 868 F. Supp. 2d 543, 547 (W.D. Va. 2012) (quoting Fed. R. Civ. P. 55(b)(1)). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

But before the court may award the default judgment, it must ensure that 1st Source has properly alleged each cause of action. Entry of default does not itself establish liability. *See Ohio Cent. R.R. Co. v. Cent. Tr. Co.*, 133 U.S. 83, 91 (1890). Rather—and as noted *supra* at note 2—upon an entry of default, the court accepts the complaint's well-pleaded facts as true (for all purposes, excluding the determination of damages), and then determines whether the well-pleaded allegations and any evidence submitted support a default judgment on the alleged causes of action. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

"Although the clear policy of the Federal Rules of Civil Procedure is to encourage dispositions of claims on their merits, the entry of default judgment is committed to the discretion of the trial court." *Hummel*, 868 F. Supp. 2d at 548 (citing *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). In reviewing motions for default judgment, courts have considered the following factors:

> (1) whether there is a large amount of money involved in the litigation; (2) whether there are material issues of fact in the case needing resolution; (3) whether the case involves issues of great public importance; (4) whether the grounds for the motion for a default judgment are highly technical; (5) whether the party asking for a default judgment has been prejudiced by the non-moving party's actions or omissions; (6) whether the actions or omissions giving rise to the motion for a default judgment are the result of a

> good-faith mistake on the part of the non-moving party; (7) whether the actions or omissions giving rise to the motion for a default judgment are the result of excusable neglect on the part of the non-moving party; and (8) whether the grounds offered for the entry of a default judgment are clearly established.

*Id*.

### III.  DISCUSSION

**A.  Count I: Breach of Contract**

The primary agreement between 1st Source and Bluestone expressly states that it "shall be governed in all respects by the laws of the State of Indiana (without regard to conflict of law principles)." (Am. Mot. Default J. Ex. A, at 7, Dkt. No. 10-1.)  And in Indiana, "[t]he essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages."  *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021) (citing *Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993)).  Based on the factual allegations made in the amended complaint, 1st Source has sufficiently satisfied the first two elements of its breach-of-contract claim against Bluestone.  However, although it has alleged it suffered damage, 1st Source has not adequately shown, to the court's satisfaction, the amount of any such damages.

As to the first element of a breach of contract action—the existence of a contract—1st Source attached a copy of the original Loan and Security Agreement entered into on March 29, 2018, to its motion for default judgment filed with the court, signed by both Bluestone and 1st Source.  (Mot. Default J. Ex. A, at 4–8, Dkt. No. 9-1.)  In addition, 1st Source has referenced and discussed specific terms of the Loan Documents in its amended complaint.  (Am. Compl. ¶¶ 9, 10, 13, 19.)  This is enough to sufficiently allege the existence of a contract.

The Loan and Security Agreement provides that Bluestone will be in default if one or

more of a variety of events take place, including, as relevant in the complaint, if the "[c]ustomer fails to make any payment due under (i) this Agreement, (ii) any Note, (iii) any addendum, schedule or other separate document delivered by [Bluestone] or [1st Source] that relates to this agreement, or (iv) under any other agreement between [Bluestone] and [1st Source]." (Am. Mot. Default J. Ex. A, at 5–6.) The complaint alleges that Bluestone did not make the scheduled monthly payments in or about August 2023 under the term of the Loan Documents. (Am. Compl. ¶ 27.) Thus, because Bluestone breached the contract by "fail[ing] to make payment" due under the Loan Documents, 1st Source acted within its contractual rights in "declar[ing] all or any part of the remaining unpaid indebtedness of [Bluestone] to [1st Source] to be immediately due and payable, together with all unpaid interest and any other accrued and unpaid monetary obligations of [Bluestone]." (*See* Am. Mot. Default J. Ex. A, at 4-7.) Taking the complaint's alleged facts as true, this court finds the well-pleaded allegations and evidence submitted by 1st Source sufficient to satisfy the second element—Bluestone has breached its contract obligations under the Loan Documents.

Moreover, consideration of the required factors further demonstrates that default judgment is appropriate here. *See Hummel*, 868 F. Supp. 2d at 548 (setting forth factors). The court acknowledges that 1st Source requests a large award of over $3.5 million. But this case is of little public importance, leading the court to find that adjudication on the merits is not a particularly significant factor here. Likewise, 1st Source asserts a straightforward breach-of-contract claim that is not highly technical. 1st Source properly served Bluestone (*see* Dkt. No. 6), and Bluestone has failed to file a responsive pleading under Rule 12 with the court, despite explicit instructions in the summons to do so. (*See id.* at 2.) The court notes the continuing loan

defaults by Bluestone throughout the duration of the parties' loan agreement (*see* Am. Compl. ¶¶ 13, 15, 17, 21, 23, 25, 27), the many amendments and modifications (*see id.* ¶¶ 10, 12, 13, 19, 24, 26), and the six different Demand and Acceleration Notices. (*See id.* ¶¶ 16, 21, 22, 23, 25, 28.) Furthermore, the court notes the recent litigation in which Bluestone was involved—with 1st Source involved as a nonparty lienholder—regarding the sale of a helicopter owned by Bluestone to satisfy debt obligations. (*see supra* note 1.) The court has no reason to believe that Bluestone's subsequent default is the result of a good-faith mistake or excusable neglect on its behalf, and Bluestone has not moved to set aside the entry of default. The court is also satisfied that there are no material issues of fact in relation to 1st Source's breach-of-contract claim, after considering the amended complaint, the exhibits attached thereto, and the affidavit attached to 1st Source's amended motion for default judgment.[4]

For these reasons, the court finds that 1st Source has sufficiently alleged the first two elements in its breach of contract claim against Bluestone on the merits. While 1st Source has adequately demonstrated that it suffered damage, it has not shown to the court's satisfaction, nor supported with adequate documents, the amount of any such damages. As noted above, 1st Source's factual allegations are accepted as true for all purposes *except* determining damages. *See* Fed. R. Civ. P. 8(b)(6). Before a final default judgment can be granted, the court must determine if 1st Source's alleged damages are for a sum certain or a sum that can be made certain by computation. The court finds that 1st Source has not satisfied this element. A detailed analysis as to why is provided in Section III-C *infra*.

---

[4] The court acknowledges the possibility that Bluestone could have asserted affirmative defenses based on the facts of this case; however, "it is not the court's role to assert affirmative defenses on behalf of a defendant." *Loeschen v. Shrom*, No. 7:18-cv-00429, 2020 WL 4228311, at *3 n.3 (W.D. Va. July 23, 2020).

### B.  Count II: Detinue

1st Source requests that this court award possession of the collateral itemized on Exhibit A to the Amended Complaint.  (Am. Compl. Ex. A, Dkt. No. 2-1.)  Indiana law controls substantive matters in this contract dispute; however, "the law of Virginia must control all questions of procedure, burden of proof and sufficiency of evidence." *Vicars v. Atl. Disc. Co.*, 140 S.E.2d 667, 670 (Va. 1965) (applying Virginia law to an action in detinue where Georgia law controlled the case's substantive questions); *see also U.S. Bank Nat'l Ass'n v. 3D Facility Servs., Inc.*, No. 120CV1575LOTCB, 2021 WL 5234884, at *8 (E.D. Va. Oct. 19, 2021) (applying Virginia law to an action in detinue where Minnesota law controlled the case's substantive questions).  Therefore, finding that Virginia law applies, the court will evaluate whether 1st Source sufficiently alleged a claim for detinue under Virginia Code Ann. § 8.01-114.  To prevail in such action, the plaintiff must show: "(1) a right of property in the personal property to be recovered; (2) a right of immediate possession; (3) that the property is capable of identification  and immediate possession; (4) the property has some value; and (5) that the defendant had possession at some time prior to the commencement of the action." *Pentech Fin. Servs. v. Old Dominion Saw Works, Inc.*, No. CIV. 6:09CV00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (citing *Vicars*, 205 Va. at 938).

Although 1st Source has sufficiently alleged facts to support the first, second, third, and fifth elements of a detinue action, it has failed to satisfy the fourth element.  As to the first element, accepting as true the well-pleaded allegations in the compliant, 1st Source has established that it has a security interest in all the collateral itemized on Exhibit A to the Amended Complaint.  (Am. Compl. ¶ 36.)  With respect to the second element, Bluestone is in

9

default, and the provisions of the Loan Documents provide 1st Source an immediate right to possess the collateral upon default. (*Id.* ¶ 8.) Exhibit A to the amended complaint provides serial numbers that can identify the collateral and 1st Source alleges it is capable of immediate possession (*id.* ¶ 39), thus satisfying the third element of a detinue action. And as to the fifth element, the amended complaint indicates that Bluestone had possession of the collateral prior to the filing of 1st Source's amended complaint. (*Id.* ¶ 41.)

However, there is nothing in the amended complaint that indicates the property identified as collateral has some value. Although 1st Source alleges that Bluestone continues to use the collateral and its security in that property is declining in value (*id.* ¶ 40), it provides no information relating to the actual value of the collateral—no beginning asset value, no depreciation schedule, no fair market value. Put simply, there is nothing in the amended complaint that alleges any cognizable and specific value in the identified collateral. Accordingly, the court finds that 1st Source has failed to sufficiently allege a claim for detinue under Virginia Code Ann. § 8.01-114, and as such, its motion for default judgment, with respect to the detinue claim, will be denied without prejudice.

## C. Damages[5]

"[I]f the court determines that liability is established, it must then determine the appropriate amount of damages." *Harrington v. Matchmaking*, No. 3:16-cv-00084, 2017 WL

---

[5] In addition to the remedies of damages (discussed in this section) and attorneys' fees (discussed in the section that follows), in its amended motion for default judgment, 1st Source also requests that the court award possession of the collateral and post-judgment interest on the total dollar amount awarded. (Am. Compl. ¶ 8.) As discussed above, 1st Source has failed to sufficiently allege a claim for detinue under Virginia Code Ann. § 8.01-114. Given that the court will deny without prejudice 1st Source's motion for default judgment on its detinue claim, possession of the collateral will not be awarded at this time. In addition, the request for post-judgment interest is premature, as the court does not grant 1st Source's motion for default judgment on either of its claims at this time.

1906954, at *1 (W.D. Va. May 8, 2017) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). "In so doing, the court may conduct an evidentiary hearing under Rule 55(b)(2)." *Id.* "The court may also make a determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award." *Id.* (citing *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing")).

    Here, 1st Source provided an affidavit from Jeff Buhr (its Chief Credit Officer) swearing to his personal knowledge and material facts of the Loan Documents between 1st Source and Bluestone. (*See* Am. Mot. Default J. Ex. A, at 2-3.) The affidavit states that Bluestone is indebted to 1st Source in the principal amount of $2,914,668.11 for "monies loaned to [Bluestone] pursuant to a series of promissory notes and other associated loan documents," interest in the amount of $150,419.52, and late fees of $191,326.20. (*See id.* ¶¶ 2-3.)

    In the default judgment context, "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). For example, in *Pentech Financial Services, Inc.*, the court entered default judgment against the defendant because the plaintiff had provided sufficient evidence of its entitlement to the claimed damages in its complaint. 2009 WL 1872535, at *2. In that case, the plaintiff included an affidavit of its chief operating officer, which affirmed the allegations in the complaint were true and that the amount claimed in damages was based on its business books and records. *Id.* Attached to the affidavit were copies of the defendant's payment history and amounts still owed. *Id.* The court found that

11

because the plaintiff had provided sufficient evidence of its entitlement to the claimed damages, an evidentiary hearing was unnecessary and default judgment was entered against the defendant. *Id.*

Contrastingly, in this case, although the attached affidavit is signed by 1st Source's Chief Credit Officer, it does not contain any copies of Bluestone's payment history and amounts still owed. Although 1st Source does claim a specific amount for damages, it has failed to provide any additional evidence for the court to ascertain the accuracy of those figures. The amended complaint mentions restructured agreements and modifications to the original Loan and Security Agreement (*see* Am. Compl. ¶¶ 10, 12, 13, 19, 24, 26), Demand and Acceleration Notices (*id.* ¶¶ 16, 21, 22, 23, 25, 28), and promissory notes (*id.* ¶¶ 14, 19)—all with specific dollar figures ascribed to them. However, 1st Source fails to provide any of those documents to the court. The original Loan and Security Agreement is attached to 1st Source's motion for default judgment, but that too fails to provide any dollar figure to ascertain or confirm the damages claimed by 1st Source. In *Lowe v. JTF Leasing, LLC*, this court found that an affidavit alone with no evidence of plaintiff's calculation of or entitlement to damages, except for the claimed amount itself, was insufficient to prove plaintiff's entitlement to claimed damages. No. 5:20-CV-00054, 2022 WL 3154813, at *2 (W.D. Va. Aug. 8, 2022). Similarly, in this case, the court is left to ascertain damages with nothing more than alleged dollar amounts supported by a single affidavit. Given the lack of evidence provided by 1st Source, the requested figure is not a "sum certain" and the court cannot determine, with any certainty, the accuracy of the requested damages amount. A final default judgment order cannot be entered unless damages are awarded. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020) (holding that, although a district court

entered a "judgment by default," it was not a final judgment of default because plaintiffs were not seeking a sum certain and a subsequent hearing needed to be scheduled to determine damages); *see also Calderon v. Geico Gen. Ins.*, 754 F.3d 201, 207 (4th Cir. 2014) (explaining that "a judgment for the plaintiff that determines liability for, but does not fix the amount of, damages" is not a final judgment).

As such, although 1st Source has sufficiently alleged the first two elements of a breach-of-contract claim against Bluestone and that it was damaged, it has failed to provide an adequate evidentiary basis for the amount of the damages, which it states are in the principal amount of $2,914,668.11, interest amount of $150,419.52 , and late fees of $191,326.20.  Thus, the court will dismiss without prejudice 1st Source's motion for default judgment, with respect to its breach of contract claim against Bluestone. [6]

### D.  Attorneys' Fees and Litigation Costs

The Loan and Security Agreement provides that 1st Source is entitled to recover attorneys' fees and other costs and expenses incurred in enforcing the Agreement.  (*see* Am. Mot. Default J. Ex. A, at 5.)  Indiana adheres to the "American rule," under which each party to a lawsuit must pay its own attorneys' fees absent an agreement between the parties, a statute, or other rule to the contrary.  *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 455 (Ind. 2012).  "[A] contract allowing for recovery of attorney['s] fees is enforceable, if the contract is

---

[6] The court recognizes that 1st Source has sufficiently established liability in its breach of contract claim against Bluestone on the merits. (*See* discussion *supra* Section III-A.)  However, granting default judgment as to the liability and proceeding with the case on damages alone, would not be a final judgment of default, which is what 1st Source is seeking in its motion for default judgment.  Furthermore, as the Fourth Circuit has noted, even if the court were to grant "default judgment" as to liability for the breach of contract claim, it would "operate[] as nothing more than an entry of default, albeit one made by the court rather than the clerk." *Fidrych*, 952 F.3d at 131 (internal citation omitted).  As such, the court will dismiss without prejudice the motion for default judgment on the breach of contract claim,  despite finding that 1st Source sufficiently established Bluestone's liability.

not contrary to law or public policy." *Edgerock Dev., LLC v. C.H. Garmong & Son, Inc.*, 227 N.E.3d 907, 936 (Ind. Ct. App.) (citing *Holliday v. Crooked Creek Vills. Homeowners Assoc., Inc.*, 759 N.E.2d 1088, 1095 (Ind. Ct. App. 2001)). Even when a contract provides for a recovery of attorneys' fees, the fees recovered must be reasonable. *Smith v. Foegley Landscape, Inc.*, 30 N.E.3d 1231, 1240 (Ind. Ct. App. 2015) (internal citation omitted). Factors to consider when determining reasonableness include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skills requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

*Id.* (*citing Weiss v. Harper*, 803 N.E.2d 201, 208 (Ind. Ct. App. 2003)).

1st Source is seeking relief for attorney's fees amounting to $306,090.28 and costs incurred in prosecuting this case in the amount of $555.00. (Am. Mot. Default J. ¶ 8.) The court need not, nor can it, delve into the various factors in determining the reasonableness of the requested attorneys' fees and costs because 1st Source has not provided any information to aid the court in determining reasonableness. It merely states the amount requested with no supporting documentation, outside of the affidavit signed by its Chief Credit Officer (Am. Mot. Default J. Ex. A, at 2.) As there is no factual basis for performing the required analysis, the court withholds granting attorneys' fees pending any supplementary filings 1st Source chooses to file with the court to cure its deficiencies.

## IV.  CONCLUSION

For the reasons stated above, the court will DENY without prejudice 1st Source Bank's amended motion for default judgment.  (Dkt. Nos. 9 and 10.)  No later than 14 days after entry of the order, 1st Source may file a renewed motion for default judgment to cure the deficiencies described herein.  Any such motion should provide, with sufficient detail, the damages sustained by 1st Source resulting from the loan default by Bluestone, the value of the specific collateral sought in detinue, and the reasonable calculation of attorneys' fees.

An appropriate order will issue.

Entered: September 16, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge